UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CESAR AUGUSTO KING,

    Petitioner,

v.

MATTHEW CATE,

    Respondent.

No. C 10-4163 WHA (PR)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. 2254 by a *pro se* state prisoner. For the reasons set forth below, the petition is **DENIED**.

## BACKGROUND

In 2007, a San Mateo County Superior Court jury convicted petitioner of second-degree murder, and found true an allegation that petitioner had used a deadly weapon in the commission of the offense. Consequent to the verdicts, the trial court sentenced petitioner to sixteen years-to-life in state prison.[1] Petitioner filed the instant federal habeas petition after he was denied relief on direct state review. It appears that petitioner did not pursue state collateral relief.

---

[1] The Honorable Craig Parsons served as trial judge.

Evidence presented at trial demonstrated that in 2004, petitioner clubbed a sleeping Samuel Vasquez to death with a piece of wood. Hours before, petitioner and Vasquez, after a drunken argument, engaged in a fistfight in an apartment petitioner shared with relations of Vasquez. Petitioner left the apartment after the fistfight, returning a few hours later. A witness, Ruth Miranda, then observed petitioner, wielding a two-by-six piece of lumber, approach Vasquez, who was sleeping on the floor, and strike him in the head two or three times. When Miranda told petitioner to stop, he said, "Shut up. If not, I'm going to give you one just like I gave him one." Petitioner struck Vasquez yet again, and then left the apartment. Evidence suggests that Vasquez died about five minutes after being struck. Petitioner's defense at trial was that Vasquez attacked him with a beer bottle, broke the bottle on petitioner's head, stabbed at him with the broken end, threatened to kill him, and trapped him in a bedroom. Petitioner testified that he hit Vasquez with a piece of wood because he was afraid for his life (Ans., Exh. 6 at 2–5, 7–9).

As grounds for federal habeas relief, petitioner claims that: (1) erroneous instructions on self-defense caused a violation of his federal constitutional rights; (2) the failure to instruct on justifiable homicide violated his federal constitutional rights; (3) the failure to instruct the jury on manslaughter based on voluntary intoxication violated his federal constitutional rights; and (4) the cumulative effect of these errors violated his right to due process.

**STANDARD OF REVIEW**

A federal habeas court will entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). The court may not grant a petition with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" 28 U.S.C. 2254(d)(1).

2

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. (Terry) Taylor*, 529 U.S. 362, 412–13 (2000). "Under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

A federal habeas court may also grant the writ if it concludes that the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254 (d)(2). The court must presume as correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. 2254(e)(1).

The state court decision to which section 2254(d) applies is the "last reasoned decision" of the state court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991); *Barker v. Fleming*, 423 F.3d 1085, 1091–92 (9th Cir. 2005). When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Nunnemaker* at 801–06; *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir. 2000). Where the state court gives no reasoned explanation of its decision on a petitioner's federal claim and there is no reasoned lower court decision on the claim, a review of the record is the only means of deciding whether the state court's decision was objectively reasonable. *See Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). When confronted with such a decision, a federal court should conduct "an independent review of the record" to determine whether the state court's decision was an unreasonable application of clearly established federal law. *Ibid*.

If constitutional error is found, habeas relief is warranted only if the error had a "'substantial and injurious effect or influence in determining the jury's verdict.'" *Penry v.*

3

*Johnson*, 532 U.S. 782, 795 (2001) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993)).

**DISCUSSION**

**1.      Self-Defense Instruction**

Petitioner claims that the trial court violated his right to due process when it gave CALCRIM No. 505 ("Justifiable Homicide:  Self-Defense or Defense of Another"), which, according to petitioner, gives an incorrect statement of California law by limiting the application of self-defense to reasonable uses of force.  Petitioner alleges that this flawed instruction violated his rights to present a defense, the effective assistance of counsel, to due process, and to have the charges proved true beyond a reasonable doubt (Pet., P. & A. at 18–19).  The state appellate court rejected these claims on grounds that CALCRIM No. 505 is a correct statement of California law (Ans., Exh. 6 at 14).

Petitioner's claim lacks merit.  A state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.  *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).  Under this rule, this order is bound by the state court's determination that CALCRIM No. 505 is a correct statement of California law.  Petitioner's federal habeas claims consequently fail because they are based on a misapprehension of state law.

Petitioner's claim that defense counsel should have objected to the instruction is without merit.  Claims of ineffective assistance of counsel are examined under *Strickland v. Washington*, 466 U.S. 668 (1984).  In order to prevail on a claim of ineffectiveness of counsel, the petitioner must establish two factors.  First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms, *id.* at 687–68, "not whether it deviated from best practices or most common custom," *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) (citing *Strickland*, 466 U.S. at 650).  "A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance."  *Richter*, 131 U.S. at 787 (quoting *Strickland*,

4

1  466 U.S. at 689). Second, he must establish that he was prejudiced by counsel's deficient
2  performance, i.e., that "there is a reasonable probability that, but for counsel's
3  unprofessional errors, the result of the proceeding would have been different." *Strickland*,
4  466 U.S. at 694. A reasonable probability is a probability sufficient to undermine
5  confidence in the outcome. *Ibid.* Where the defendant is challenging his conviction, the
6  appropriate question is "whether there is a reasonable probability that, absent the errors, the
7  factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. There was no
8  basis for a legitimate objection because the instruction was a correct statement of state law.
9  Because it is both reasonable and not prejudicial for an attorney to forego a meritless
10 objection, *see Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005), petitioner's claim fails.
11 Consequently, petitioner's claim is DENIED because he has failed to show that there was
12 "no reasonable basis for the state court to deny relief," *Richter*, 131 S. Ct. at 784, that is, he
13 has not shown that the state court's decision was contrary to, or involved an unreasonable
14 application of, clearly established Supreme Court precedent.

**2.    Justifiable Homicide Instruction**

16    Petitioner claims that (A) the trial court violated his constitutional rights by failing to
17 give an instruction that the homicide was justifiable if petitioner killed Vasquez while
18 resisting the commission of a forcible and atrocious felony. According to petitioner,
19 California recognizes such a theory of self-defense separate from traditional, common law
20 self-defense. By failing to give a separate instruction, the trial court violated his rights to
21 due process, present a defense, and the effective assistance of trial counsel (Pet., P. & A. at
22 38–45). Optional additional language can be added to CALCRIM 505 to include "other
23 forcible and atrocious crime," yet there was no request at trial to include such language
24 (Ans., Exh. 6 at 16). Petitioner also claims that (B) defense counsel rendered ineffective
25 assistance by not requesting the separate instruction.

**A.    Duty to Sua Sponte Instruct**

27    The state appellate court rejected this claim because it was based on a
28 misinterpretation of state law. First, resistance to a forcible and atrocious felony, is part of

5

self-defense, not separate from it. Second, it was unnecessary to have a separate instruction because the alleged beer bottle attack satisfied the same element of self-defense a forcible and atrocious felony would satisfy. Third, petitioner was not entitled to rewrite the instruction to suit the facts of his case (Ans., Exh. 6 at 15–19).

To obtain federal collateral relief for errors in the jury charge, a petitioner must show that the disputed instruction by itself so infected the entire trial that the resulting conviction violates due process. *See Estelle v. McGuire*, 502 U.S. 62, 72 (1992). The instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. *Ibid.* In other words, a federal habeas court must evaluate the jury instructions in the context of the overall charge to the jury as a component of the entire trial process. *United States v. Frady*, 456 U.S. 152, 169 (1982) (citing *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)).

Petitioner's claim lacks merit. First, as noted above, this order is bound by the state court's determination that CALCRIM No. 505 is a correct statement of California law of self-defense, and that petitioner was not entitled to a separate instruction. Petitioner's federal habeas claims consequently fail because they are based on a misapprehension of state law. Second, no request for the additional instructions was made, and petitioner has not shown he has a federal constitutional right to have the trial court *sua sponte* add such additional language. Third, petitioner has not shown prejudice. Such a separate instruction was unnecessary. Evidence of the alleged beer bottle attack satisfied the element of self-defense petitioner seeks to meet by alleging that he was defending against a forcible and atrocious felony. Accordingly, the claim is DENIED.

**B.     Assistance of Defense Counsel**

Petitioner's claim that defense counsel rendered ineffective assistance by failing to request the additional language is without merit. Petitioner has not made a successful showing under either *Strickland* prong. Because petitioner was not entitled to a separate instruction under state law, defense counsel's alleged failure to request additional instructions cannot constitute a deficient performance. Also, no prejudice resulted. As

noted above, the instruction was unnecessary because petitioner had presented evidence that, if believed, satisfied the element he sought to satisfy. Accordingly, the claim is DENIED.

Petitioner's claims are DENIED because he has failed to show that there was "no reasonable basis for the state court to deny relief," *Richter*, 131 S. Ct. at 784, that is, he has not shown that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.

### 3.  **Voluntary Manslaughter Instruction**

Petitioner claims that (A) the trial court violated his right to due process by giving legally inadequate instructions on voluntary manslaughter, and (B) defense counsel rendered ineffective assistance by failing to request a pinpoint instruction (Pet., P. & A. at .  The trial court instructed the jury that it could voluntary manslaughter "only in deciding whether [petitioner] acted with an intent to kill, or [petitioner] acted with deliberation and premeditation" (Ans., Ex. 6 at 21).  During deliberations, the jury asked the following question of the court:  "Can CalCrim 625 ["Voluntary Intoxication:  Effects on Homicide Crimes"] only be applied to 1st Degree Murder or can it be considered on a charge of 2nd Degree murder or manslaughter?"  The court gave the following response:  "Voluntary intoxication may be considered in deciding whether [petitioner] acted with deliberation and premeditation (1st degree murder) and/or whether [petitioner] acted with express malice.  [¶] You may not consider voluntary intoxication for any other purpose" (*id.* at 24).

### A.  **Trial Court**

Petitioner contends that the trial court should have *sua sponte* instructed the jury that voluntary intoxication could be applied to his claims that he acted in a heat of passion or had an unreasonable belief that he needed to defend himself, and therefore was guilty of voluntary manslaughter, or that his voluntary intoxication impaired petitioner's understanding of his actions, and therefore was guilty of involuntary manslaughter.  By failing to give such instructions, the trial court lowered the prosecution's burden to disprove a mental state, and violated his rights to present a defense and to due process (Pet., P. & A.

7

at 47–48).

According to the state appellate court, the trial court had no duty to give such an instruction *sua sponte*. Voluntary intoxication is not a defense, but is a pinpoint instruction that must given when there is a request for such an instruction (Ans., Exh. 6 at 22).

Petitioner's claim is without merit. First, not even state law requires that such a trial court must *sua sponte* give such an instruction. Second, petitioner has not shown any binding authority that he has a federal constitutional right to have a trial judge give such an instruction *sua sponte*. Third, petitioner provides no support for his proposition that the prosecution has a duty to disprove a mental state. The prosecutor's role is to present evidence that supports petitioner's conviction beyond a reasonable doubt, not to disprove a mental state put forth as a defense by petitioner. Fourth, such an instruction would have been contrary to petitioner's assertion of self-defense. Fifth, petitioner has not shown prejudice. Specifically, the evidence against petitioner was strong. Not only did Ruth Miranda testify that she witnessed petitioner strike Vasquez until he was dead, but other witnesses testified to the earlier violent altercation between petitioner and Vasquez, and to seeing petitioner return to the apartment before Vasquez was killed. Accordingly, petitioner's claims are DENIED.

### B. Assistance of Defense Counsel

Petitioner claims that defense counsel rendered ineffective assistance by failing to request a pinpoint instruction allowing the jury to use evidence of voluntary intoxication to find him guilty of the lesser homicide offenses (Pet., P. & A. at 49). The state appellate court held that counsel did not render ineffective assistance because such an instruction would be contrary to the defense's trial strategy, a strategy petitioner instructed his attorney to present.[2] Petitioner's defense was that he killed Vasquez in self-defense, and therefore was not guilty of any crime, while the prosecution's case was that petitioner intentionally beat a passed-out Vasquez to death. "This was a case where the jury had to cho[o]se one

---

[2] At an in-chambers conference, petitioner (1) admitted that he wanted defense counsel to argue that he acted in self-defense, and, therefore, (2) did not want counsel to ask the jury to convict him of a lesser-included offense (Ans., Exh. 6 at 20).

8

1  version of the events and could not have found that the truth lied somewhere in the middle,"
2  according to the state appellate court (Ans., Exh. 6 at 23–24).

3        A reviewing federal habeas court must accord tactical decisions by trial counsel
4  considerable deference. "[C]ourts may not indulge '*post hoc* rationalizations' for counsel's
5  decision-making that contradicts the available evidence of counsel's actions . . . neither may
6  they insist counsel confirm every aspect of the strategic basis for his or her actions. There is
7  a 'strong presumption' that counsel's attention to certain issues to the exclusion of others
8  reflects trial tactics rather than 'sheer neglect.'" *Richter*, 131 S.Ct. at 790 (citations
9  omitted). Tactical decisions of trial counsel deserve deference when: (1) counsel in fact
10 bases trial conduct on strategic considerations; (2) counsel makes an informed decision
11 based upon investigation; and (3) the decision appears reasonable under the circumstances.
12 *See Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

13       Petitioner's claim is without merit. First, petitioner has not shown that defense
14 counsel's performance was deficient under *Strickland*. As the state appellate court
15 reasoned, requesting such an instruction would be contrary to, and certainly weaken, the
16 defense trial strategy, a strategy petitioner urged defense counsel to use. Also, such strategy
17 was reasonable under the circumstances. Undisputed evidence showed that petitioner and
18 Vasquez had engaged in a heated verbal and argument earlier in the day which had led to a
19 bloody fistfight. From this evidence, petitioner's attempt to persuade the jury that Vasquez
20 threatened him is not unreasonable, though he would have to impeach Miranda. On such a
21 record, petitioner has not shown that defense counsel's strategy was anything other than a
22 reasonable tactical decision based upon an investigation and assessment of the evidence.

23       Second, petitioner has not shown prejudice. The jury would be less likely to believe
24 petitioner's defense of self-defense if it heard, at defense counsel's request, an instruction at
25 odds with defense strategy. Petitioner, then, has not shown that but for defense counsel's
26 alleged failure, the outcome of the proceeding would have been different. Accordingly,
27 petitioner's claim is DENIED.

28       Petitioner's claims are DENIED because he has failed to show that there was "no

reasonable basis for the state court to deny relief," *Richter*, 131 S. Ct. at 784, that is, he has not shown that the state court's decision was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent.

**4.     Alleged Cumulative Error**

Petitioner claims that he is entitled to habeas relief because there was cumulative error (Pet., P. & A. at 60). The state appellate court did not rule on this claim in its written opinion.

Although no single trial error is sufficiently prejudicial to warrant the granting of relief, the cumulative effect of several errors may still prejudice a defendant so much that his conviction must be overturned. *See Alcala v. Woodford*, 334 F.3d 862, 893–95 (9th Cir. 2003). As petitioner has not shown that any errors existed, there can be no cumulative effect resulting in prejudice. *Ibid.* Accordingly, this claim is DENIED.

## CONCLUSION

The state court's adjudication of petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. Nor was the decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is **DENIED**.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals.

Petitioner's motion for an evidentiary hearing (Docket No. 13) is DENIED. Petitioner's motion for the appointment of counsel (Docket No. 12) is DENIED. There is no right to counsel in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court, *see Chaney v. Lewis*,

801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only when exceptional circumstances are present. *See generally* 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383–86 (2d ed. 1994). Petitioner has not shown that there are exceptional circumstances warranting appointment of counsel.

The Clerk shall enter judgment in favor of respondent, terminate Docket Nos. 12 & 13, and close the file.

**IT IS SO ORDERED.**

Dated: July  12 , 2011

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE